J-A04003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KARI A. MUIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW R. GROSS | : | |
| | : | |
| Appellant | : | No. 1492 MDA 2022 |

Appeal from the Order Entered October 6, 2022
In the Court of Common Pleas of York County
Civil Division at No:  2015-FC-000797-03

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                **FILED: APRIL 14, 2023**

Appellant, Matthew Gross ("Father"), appeals from the order entered on October 6, 2022 in the Court of Common Pleas of York County following a hearing on a contempt petition filed by Appellee, Kari Muir ("Mother"), to which Father filed a counter petition and a request for sanctions.  Father contends that the trial court abused its discretion and/or committed error of law by finding Father in contempt of a custody order, by finding Father in contempt for behavior not specifically prohibited by the custody order and for matters not pled in Mother's petition, and by precluding Father from presenting testimony of a therapist.  Following review, we affirm.

As the trial court explained:

Father and Mother share legal and physical custody of K.G.  Mother and Father have an older child, S.G., who is now age nineteen [and] lives with Father.  Mother agreed to Father having sole legal and sole physical custody of S.G.  Mother and Father are

subject to a stipulated order of custody entered on September 17, 2015 and orders of November 2, 2016 and September 25, 2018, which found both parties in contempt. On August 30, 2022, Mother filed a petition for contempt. On September 6, 2022, Father filed an answer, petition for special relief, and a counter petition for contempt. A hearing [] was held on September 23, 2022, addressing the parties' petitions for contempt and special relief. The court issued an order finding Father in contempt. On October 21, 2022, Father filed a notice of appeal and a concise statement of errors.

Rule 1925(a) Opinion, 11/9/22, at 1 (some capitalization omitted).[1]

Father presents four issues for this Court's consideration, which we have reordered for ease of disposition:

1. Whether the trial court erred as a matter of law and/or abused its discretion in finding Father in contempt of the custody order?

2. Whether the trial court abused its discretion and/or erred as a matter of law in finding [Father] in contempt and sanctioning him for alleged behavior that is not specifically prohibited in the underlying custody order?

3. Whether the trial court abused its discretion and/or erred as a matter of law for finding [Father] in contempt and sanctioning him for matters not pled in [Mother's] petition for contempt?

4. Whether the trial court abused its discretion and/or erred by precluding [Father] from presenting the testimony of a therapist, which could corroborate [Father's] defense, only to later find that [Father] was not being truthful?

Father's Brief at 7-8 (some capitalization omitted).

_____

[1] We remind Father's counsel that Pennsylvania Rule of Appellate Procedure 2111 requires, *inter alia*, that copies of the trial court's order and the appellant's Rule 1925(b) statement are to be attached to the appellant's brief. *See* Pa.R.A.P. 2111(a)(2) and Pa.R.A.P. 2111(a)(11) and (d), respectively.

In his first three issues, Father contends that the trial court erred or abused its discretion by finding Father in contempt. As this Court reiterated in *Gross v. Mintz*, 284 A.3d 479 (Pa. Super. 2022),

> Our standard of review concerning a trial court's contempt findings is very narrow:
>
>> This court's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.

*Id.* at 489 (quoting *B.A.W. v. T.L.W.*, 230 A.3d 402, 406 (Pa. Super. 2020) (citation omitted)).

> Further:
>
> "To sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 n.7 (Pa. Super. 2012) (citation omitted). Moreover, "[a] court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment. A party must have violated a court order to be found in civil contempt." *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001) (citation omitted).

*Id.*

In his broadly-worded first issue, Father argues that the trial court abused its discretion by finding Father in contempt. In his brief, he focuses on the court's finding of contempt for Father's use of the Our Family Wizard

communication system to convey messages outside the permitted scope of communications. The September 25, 2018 order entered in this matter specified, "It is the further order of court [that] Our Family Wizard is to be used by the parties only for custody issues, children's issues, and not for anything else between the parties." Order, 9/25/18, at 6.

In her contempt petition, Mother provided specific examples of "insulting" communications made by Father on the Our Family Wizard platform. *See* Petition for Contempt and Enforcement, 8/30/22, at ¶ 10. In addition, during the September 23, 2022 hearing, Mother testified as to communications from Father using Our Family Wizard that Mother believed were in violation of the September 2018 order.

The trial court noted that "testimony was presented regarding Father not limiting his comments on Our Family Wizard [OFW] to matters of custody in relation to K.G. as ordered by this court on September 2[5], 2018." Rule 1925(a) Opinion, 11/9/22, at 9 (citations omitted). Further, the trial court found "testimony relevant to Mother's allegation that Father uses Our Family Wizard to harass her. Father objected as to relevance and was overruled." Rule 1925(a) Opinion, 11/9/22, at 13 (citations omitted). While Mother admits that on one occasion she did not "stick completely to a message about the welfare of K.G.," Mother's Brief at 6, she correctly observes that specific messages between the parties were reviewed by the trial court, giving the

- 4 -

court "the opportunity to determine the credibility of both parties and the written communication of both parties." *Id.*

With regard to the use of Our Family Wizard, we find no abuse of discretion on the part of the trial court in finding Father in contempt, recognizing that Father had notice of the September 25, 2018 order limiting the scope of communications on Our Family Wizard, that Father's use of Our Family Wizard for communications outside the permitted scope was volitional, and that he acted with volitional intent. Further, we find no abuse of discretion in the trial court's imposition of a $500 fine in this regard, or the court's willingness to permit Father to pay that fine without interest within 25 days of the court's order (assessing 6% annual interest after that time). Father's first issue fails.

In his second issue, Father argues that the trial court abused its discretion and/or erred as a matter of law "in finding him in contempt and sanctioning him for alleged behavior that is not specifically prohibited in the underlying custody order." Father's Brief at 6. As explained in the argument section of his brief, Father's contention relates to a statement Father made on K.G.'s school medical form, indicating that Mother had been found to have abused K.G.'s older sister. As Mother explained, she "was objecting to Father's false statement" and was asking the court to find Father "in contempt for this statement as it was demeaning to Mother and did not promote effective co-parenting as required by all the previous orders[.]" Mother's Brief at 7.

Although the court did not assess any fine against Father for the statement he provided on K.G.'s school medical record, the court did find that the elements of contempt were satisfied with respect to the statement "that included an inaccurate and slanderous statement regarding Mother." Rule 1925(a) Opinion, 11/9/22, at 4. The court specifically noted that Mother was never found by a court to have abused K.G.'s sister "as this allegation was never litigated." *Id.* The court determined that:

> Listing a false allegation on documentation for K.G.'s school that Mother had been adjudicated abusive by a court of law is certainly not consistent with mutual consultation or following a harmonious policy. Father willingly made a false statement on [K.G.'s] school record and did so with wrongful intent, in this Court's view.

*Id.* at 8. We find no abuse of discretion in the trial court's finding of contempt with respect to the statement Father entered on K.G.'s school medical form. Appellant's second issue fails.

In his third issue, Father claims the trial court abused its discretion by "finding [Father] in contempt and sanctioning him for matters not pled in [Mother's] petition for contempt." Father's Brief at 7-8. A review of Father's brief reveals that he is mischaracterizing as "a finding of contempt" the trial court's imposition of sanctions stemming from Father's litigious conduct.

In her contempt petition, Mother requested that the court order Father to correct the medical information on K.G.'s school medical form and to stop harassing communications, including on Our Family Wizard. In addition, Mother requested "[a]ny other relief the court deems appropriate." Mother's

Petition, 8/30/22, at 4. Mother did not raise any issue regarding Father's "litigiousness." Rather, it was Father who suggested he was entitled to counsel fees based on Mother's engagement in "obdurate, repetitive and bad faith conduct to the detriment of [K.G.]." Father's Request for Sanctions, 9/6/22, at ¶¶ 33-34 (citing 23 Pa.C.S.A. § 5339). As the court observed, "Apparently, Father did not anticipate that in defending herself against this allegation, Mother would allege that Father was the litigious party." Rule 1925(a) Opinion, 11/9/22, at 9.

The trial court determined that it acted within its discretion in finding Father "litigious . . . to the point of being obdurate and vexatious." Trial Court Order, 10/6/22, at 2; Rule 1925(a) Opinion, 11/9/22, at 11. The court explained that it was "very unimpressed with father having filed a PFA, his counterclaim prior litigation (*sic*)." ***Id.*** Consequently, the court awarded Mother attorney fees in the amount of $1,417 for Father's litigious conduct. We find no abuse of discretion in this regard.

It should be noted that Father did not ask the court to find Mother "in contempt" for being litigious. Rather, Father sought a finding of contempt on two bases: (1) Mother's failure to notify Father immediately of K.G.'s exposure to COVID-19 and her resultant (negative) test and follow-up appointment, and (2) Mother's disparagement of Father in the presence of the children. Father's Counter Petition for Contempt, 9/6/22, at 6-8. He then requested that the court "deem Mother has engaged in obdurate, repetitive and bad faith

conduct," and award Father reasonable attorney fees and costs based on that conduct. Father's Request for Sanctions, 9/26/22, at 8-9. There was no request for a finding of contempt related to Mother's conduct in pursuing litigation, nor could there be. As noted at the outset, "A party must have violated a court order to be found in civil contempt." **Gross**, 284 A.3d at 489. Because there was no court order limiting or restricting initiation of litigation, neither Mother nor Father could be found "in contempt" for being litigious. However, the trial court appropriately reviewed Father's request for sanctions, as authorized by 23 Pa.C.S.A. § 5339, and was within its rights to conclude it was Mother, not Father, who was entitled to an award of attorney fees for Father's conduct, which was "litigious . . . to the point of being obdurate and vexatious." Trial Court Order, 10/6/22, at 2. Again, we find no abuse of discretion in this regard. Father is not entitled to relief on his third issue.

In his final issue, Father argues that the trial court erred or abused its discretion by precluding Father from presenting testimony of a therapist. "We review a trial court's evidentiary rulings for an abuse of discretion." **In Interest of M.R.F., III**, 182 A.3d 1050, 1056 (Pa. Super. 2018) (citation omitted).

Father claims the therapist's testimony would have corroborated his defense with regard to the note he inserted on K.G.'s school medical record indicating that Mother had abused K.G.'s older sister, S.G. The trial court explained:

Father willingly made a false statement on child's school record and did so with wrongful intent, in this court's view. Father then sought to have the adult sibling's therapist testify that there had been actual verbal or emotional abuse by Mother of the old[er] child. However, this testimony is irrelevant. Whether abuse [of the older child] was disclosed to the therapist is not at issue. The false statement at issue is Father's statement that a court had adjudicated Mother abusive of the older child. Father asserts he did not know he could not disclose past abuse of the old[er] child on the young[er] child's school forms. Again, the disclosure here was a false allegation that a court had established that Mother was abusive to [the older child,] S.G. Testimony was presented and Father acknowledged that this statement was not accurate.

Rule 1925(a) Opinion, 11/9/22, at 8 (some capitalization omitted).[2]

We agree with the trial court that testimony from the therapist in question was irrelevant. We find no abuse of discretion on the part of the trial court for precluding the therapist from testifying.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2023

---

[2] The therapist Father proposed to call as a witness provided therapy to S.G. However, she was not K.G.'s therapist. *See* Notes of Testimony, 9/23/22, at 50 (identifying K.G.'s therapist by name).